UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DAN ANDREW COTTEN,

                            Plaintiff,

            -against-                       1:19-cv-01534-RJD-ST

ALTICE USA, INC.,

                            Defendant.

------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

Attorneys of record:
    Brendan Sweeney, Esq.
    Fatima M. Guillen-Walsh, Esq.

# TABLE OF CONTENTS

**PAGE NO.**

TABLE OF AUTHORITIES ...................................................................................................ii

PRELIMINARY STATEMENT ..............................................................................................1

SUBJECT MATTER JURISDICTION ....................................................................................1

STANDARD OF REVIEW .....................................................................................................2

PROCEDURAL HISTORY......................................................................................................3

STATEMENT OF FACTS .......................................................................................................3

ARGUMENT............................................................................................................................4

I.      PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY ERISA......................4

        A.      The Contractual Claims for Benefits Are Preempted by ERISA...........................4

        B.      Plaintiff's State Law Claims Are Preempted Because They Are
                Predicated Upon Defendant's Denial of Benefits...................................................8

                1.   Plaintiff's Claims Further Satisfy *Davila* Because They
                     Qualify As "Colorable Claims"......................................................................8

                2.   Plaintiff's Allegations Do Not Implicate Any Other
                     Independent Legal Duty Beyond the Plan ......................................................8

II.     PLAINTIFF LACKS STANDING TO BRING ERISA SECTION 502
        CLAIMS AND SUCH CLAIMS ARE DUPLICATIVE OF HIS
        PREEMPTED STATE LAW CLAIMS.........................................................................9

        A.      Plaintiff Lacks Standing to Bring Section 502 Claims .........................................9

        B.      Plaintiff Has No Remedy Under Section 502 .......................................................11

III.    PLAINTIFF'S ERISA CLAIMS SHOULD BE DISMISSED BECAUSE
        HE FAILED TO EXHAUST ADMINISTRATIVE REMEDIES ....................................12

IV.     PLAINTIFF'S SAC SHOULD BE DISMISSED WITH PREJUDICE AS
        ANY AMENDMENT WOULD BE FUTILE ...............................................................14

CONCLUSION.......................................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

Cases

*Aetna Health Inc. v. Davila,*
542 U.S. 200 (2004)..........................................................................................................*passim*

*Alessi v. Raybestos-Manhattan, Inc.,*
451 U.S. 504 (1981)....................................................................................................................6

*Arditi v. Lighthouse Int'l,*
676 F.3d 294 (2d Cir. 2012)....................................................................................................6, 8

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)....................................................................................................................2

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)....................................................................................................................2

*Biomed Pharms., Inc. v. Oxford Health Plans (NY), Inc.,*
775 F. Supp. 2d 730 (S.D.N.Y. 2011)......................................................................................11

*Cacoperdo v. Hartford Life Ins. Co.,*
10 Civ. 7847 (RPP), 2011 U.S. LEXIS 115003 (S.D.N.Y. Oct. 5, 2011) .................................5

*Cigna Corp. v. Amara,*
563 U.S. 421 (2011)..................................................................................................................10

*Cortec Industries, Inc. v. Sum Holding L.P.,*
949 F.2d 42 (2d Cir. 1991)....................................................................................................4, 15

*DiFolco v. MSNBC Cable L.L.C.,*
622 F.3d 104 (2d Cir. 2010)........................................................................................................4

*In re Estate of Grant v. Interface Solutions, Inc.,*
11-cv-1452, 2012 U.S. Dist. LEXIS 46082 (N.D.N.Y Apr. 2, 2012).........................................7

*Gill v. Bausch & Lomb Supplemental Ret. Income Plan I,*
594 Fed. Appx. 696 (2d Cir. 2014)...........................................................................................10

*Ingersoll-Rand Co. v. McClendon,*
498 U.S. 133 (1990)....................................................................................................................7

*Jackson v. Wells Fargo Home Mortg.,*
15-CV-5062 (PKC) (ST), 2018 U.S. Dist. LEXIS 136643 (E.D.N.Y. Aug. 10,
2018) .........................................................................................................................................15

*Klotz v. Xerox Corp.,*
   332 Fed. Appx. 668 (2d Cir. 2009) ................................................................................12

*Marcella v. Capital Dist. Physicians Health Plan, Inc.,*
   47 F. Supp. 2d 289 (N.D.N.Y 1999), *rev'd. on other grounds,* 293 F.3d 42 (2d
   Cir. 2002) ........................................................................................................................7

*Martori Brothers Distributors v. James-Massengale,*
   781 F.2d 1349 (9th Cir. 1986) ........................................................................................7

*Metropolitan Life Ins. Co. v. Massachusetts,*
   471 U.S. 724 (1985) ........................................................................................................6

*New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,*
   514 U.S. 645 (1995) ..................................................................................................... 4-5

*Pilot Life Ins. Co. v. Dedeaux,*
   481 U.S. 41 (1987), *rev'd on other grounds* ...............................................................2, 5

*Protocare of Metro. N.Y. v. Mutual Ass'n Adm'rs,*
   866 F. Supp. 757 (S.D.N.Y. 1994) ...............................................................................10

*Reichelt v. Emhart Corp.,*
   921 F.2d 425 (2d Cir. 1990) ............................................................................................2

*Sejman v. Warner-Lambert Co.,*
   845 F.2d 66 (4th Cir. 1988) ............................................................................................5

*Shaw v. Delta Airlines,*
   463 U.S. 85 (1983) ..........................................................................................................6

*Smith v. Dunham-Bush, Inc.,*
   959 F.2d 6 (2d Cir. 1992) ................................................................................................7

*Varity Corp v. Howe,*
   516 U.S. 489 (1996) ......................................................................................................11

*Zarringham v. UFCW Local 1500 Welfare Fund,*
   906 F. Supp. 2d 140 (E.D.N.Y. 2012) ....................................................................12, 14

**Statutes & Other Authorities**

29 U.S.C. § 1001(b) .............................................................................................................1, 5

29 U.S.C. § 1002(2) ............................................................................................................. 1-2

29 U.S.C. § 1003(a)(1) ...........................................................................................................1

29 U.S.C. §§ 1132 ........................................................................................................ *passim*

29 U.S.C. § 1331 ................................................................................................................2

29 U.S.C. § 1144 ................................................................................................................6

ERISA § 502 .............................................................................................................. *passim*

Fed. R. Civ. P. 12(b)(6)................................................................................................1, 2, 4

Fed. R. Civ. P. 81(c)(2)(C) ...............................................................................................3

## PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Altice USA, Inc. ("Defendant" or "Altice"), by and through its undersigned counsel, hereby submits this memorandum of law in support of its Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"). Defendant established a severance benefit plan (the "Plan"), which is expressly governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), under which employees could become eligible for severance benefits in specific circumstances. Because of the broad reach of ERISA's preemption provisions, Plaintiff's rights to severance pay are governed by the Plan. Plaintiff never became eligible to participate in the Plan and he never made a claim for benefits under the Plan.

As explained in detail below, Plaintiff's state law claims are preempted, as a matter of law, by ERISA. Additionally, Plaintiff fails to state a claim for severance in the SAC because he is not a participant covered by the Plan (and does not allege that he is a participant) nor does he allege that he filed a claim for severance under the ERISA-governed Plan. As a result, Plaintiff lacks standing to bring ERISA claims. Thus, Plaintiff's SAC must be dismissed with prejudice in its entirety.

## SUBJECT MATTER JURISDICTION

This action is governed by ERISA because Plaintiff's claims relate to an employee benefit plan. ERISA applies to any "employee benefit plan" established or maintained by an employer engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003(a)(1). An "employee benefit plan" includes employee welfare benefit plans and employee pension benefit plans. 29 U.S.C. § 1002(3). An employee benefit plan means "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer . . . to the extent that by its express terms or as a result of surrounding circumstances

such plan, fund or program . . . results in a deferral of income by employees for periods extending to the termination of covered employment. . . ." 29 U.S.C. § 1002(2)(A)(ii).

The Severance Pay Plan (the "Plan") referenced throughout Plaintiff's SAC is an ERISA-governed Plan funded by Defendant.[1] *See, e.g., Reichelt v. Emhart Corp.*, 921 F.2d 425 (2d Cir. 1990) (stating that "severance benefits are welfare benefits . . . under ERISA" (citations omitted)). The Plan explicitly provides discretionary severance benefits to certain employees of Defendant that fit the criteria outlined in Defendant's Severance Pay Policy, explaining the Plan. Because the Plan is ERISA-governed, the Court has subject matter jurisdiction over this action under 29 U.S.C. §§ 1132(f) and 1331.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), in order to withstand a motion to dismiss for failure to state a claim, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The district court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive such a motion, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

Plaintiff's state law claims are governed by ERISA. Plaintiffs' state law claims should be dismissed for failure to state a claim, as he is not a participant under the Plan and does not allege he requested benefits. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987), *rev'd on other grounds*. Plaintiff cannot circumvent the language in the Plan by bringing ERISA-

---

[1]       Through the SAC, Plaintiff is seeking to recover a monetary benefit allegedly owed to him under Defendant's Severance Benefits Policy, which is an "employee benefit plan" as defined in 29 U.S.C. § 1002(2)(A) of ERISA, and explicitly states as such in the Policy. *See, e.g.*, SAC ¶ 6, attached to the Affirmation of Brendan Sweeney ("Sweeney Aff.") as Exh. A; *see also* Defendant's Severance Benefits Policy, attached to the Sweeney Aff. as Exh. A.

2

specific claims under section 502, as he lacks the necessary standing to do so. Therefore, Plaintiff's SAC must be dismissed in its entirety.

## PROCEDURAL HISTORY

Plaintiff Dan Andrew Cotten instituted this action in the Supreme Court of the State of New York, County of Queens, on February 11, 2019. Defendant removed this action to the Eastern District of New York on March 19, 2019, pursuant to Fed. R. Civ. P. 81(c)(2)(C). On March 25, 2019, Defendant requested a Pre-Motion Conference before this Court regarding its anticipated motion to dismiss Plaintiff's Complaint. Dkt. 7. In response, counsel for Plaintiff wrote to the Court regarding Plaintiff's intention to amend his Complaint, and subsequently amended his Complaint on April 5, 2019. Dkts. 8-9. Defendant again wrote to the Court regarding its intention to file a motion to dismiss, requesting a Pre-Motion Conference on April 29, 2019. Dkt. 12.

The parties appeared for a Pre-Motion Conference before this Court on June 19, 2019. Plaintiff filed the SAC on July 26, 2019, but failed to cure the apparent deficiencies therein. Defendant responds to the SAC with this motion.

## STATEMENT OF FACTS[2]

Plaintiff alleges a state law breach of contract claim (or in the alternative, promissory estoppel) for Defendant's purported failure to pay him severance benefits. SAC ¶ 5. On or about January 1, 2017, Defendant published a "Severance Benefits Policy" on the Company's intranet. *Id.* ¶ 6. Plaintiff was provided with a copy of the Severance Benefits Policy. *Id.* ¶ 8. The Severance Benefits Policy allegedly provides that "all Directors are to

---

[2] For purposes of the instant motion only, Defendant accepts the factual allegations set forth in the SAC as true. Defendant expressly reserves the right to contest any such allegations in this or any further proceeding.

receive a minimum of 26 weeks of severance upon their termination from Altice." *Id.* ¶ 7.

Plaintiff *admits* the Severance Benefits Policy is governed by the ERISA Plan. *Id.* ¶ 39.[3]

In or around July 2018, Plaintiff was terminated from Altice. *Id.* ¶ 22. Plaintiff

allegedly requested and was denied severance benefits. *Id.* ¶ 25. Plaintiff claims that he was

entitled to severance benefits and Defendant's failure to provide those benefits constitutes a

breach of its contractual obligations to Plaintiff. *Id.* ¶¶ 5, 30. In the alternative, Plaintiff claims

that Defendant made a "clear and unambiguous promise to Plaintiff in their Severance Benefits

Policy to provide 26 weeks of severance pay upon Plaintiff's termination." *Id.* ¶ 33. Plaintiff

further claims that he relied on this promise to his detriment. *Id.* ¶¶ 35-36.

## ARGUMENT

## I.   PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY ERISA

### A.   The Contractual Claims for Benefits Are Preempted By ERISA

The Severance Pay Plan referenced in the SAC (attached to the Sweeney Aff. as

Exh. C) is governed by ERISA.[4] Again, Plaintiff *admits* the Severance Benefits Policy is

governed by the ERISA Plan. *Id.* ¶ 39.

A primary goal of ERISA is to establish a uniform body of federal law governing

the administration of employee benefit plans. *See New York State Conf. of Blue Cross & Blue*

---

[3]     Plaintiff also relies on the "catchall" ERISA provision of section 502 in his Third, Fourth, and Fifth Causes of Action, which echo his breach of contract claims. *Cf. id.* ¶¶ 27-42. Additionally, Plaintiff alleges that Defendant breached fiduciary duties imposed by ERISA by failing to furnish the Plan to Plaintiff.

[4]     Following a Pre-Motion Conference, Plaintiff was permitted to again amend his pleading to address the ambiguities discussed during the Conference. In the SAC, Plaintiff refers to, but fails to include, key documents— namely, the Plan, however, admits that the Policy—which is the focus of Plaintiff's claims and which he received a copy of—is governed by this Plan. *See, e.g., id.* ¶¶ 6-12, 24-25, 27-31, 37-57. The Second Circuit has held that, "[i]n considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that the Court may consider documents when the complaint "relies heavily upon its terms and effect, thereby rendering the document integral to the complaint.") (internal quotations and citations omitted)). "Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim—and that they apparently most wanted to avoid—may not serve as a means of forestalling the district court's decision on the motion." *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 44 (2d Cir. 1991) (affirming dismissal).

*Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655-57 (1995); *Dedeaux*, 481 U.S. at 52-53. ERISA was enacted by Congress to "protect . . . the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). ERISA's purpose is to provide a uniform regulatory scheme for employee benefit plans. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).

This breadth of ERISA preemption has been long recognized in the Second Circuit, which has held:

> The purpose for the preemption clause is to avoid a multiplicity of regulation and to enforce a uniform administration of employee benefit plans. The clause is meant to prevent the courts from creating an alternate enforcement mechanism for contesting a denial of benefits to the plaintiff's remedies. Allowing certain remedies under state law would undermine the policy choices made pursuant to ERISA.

*Cacoperdo v. Hartford Life Ins. Co.*, 10 Civ. 7847 (RPP), 2011 U.S. LEXIS 115003, at *12 (S.D.N.Y. Oct. 5, 2011) (citations omitted).

ERISA's preemption provision is recognized as "the most sweeping federal preemption statute ever enacted by Congress." *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 68 (4th Cir. 1988) (quotation omitted). ERISA's preemption provision declares that ERISA shall "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). State law preempted by the statute is defined as including "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). Thus, if Plaintiff's state law claims "relate to" an employee benefit plan (as they do here), *the claims are preempted by ERISA*.

5

The phrase "relate to" was interpreted by the Supreme Court and "given its broadest common-sense meaning, such that a state law 'relates to' a benefit plan . . . 'if it has a connection with or reference to such a plan.'" *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985) (quoting *Shaw v. Delta Airlines*, 463 U.S. 85, 97 (1983)). The Supreme Court further emphasized that the preemption clause was not limited to "state laws specifically designed to affect employee benefit plans." *Shaw*, 463 U.S. at 97. Regardless of whether the "connection with" or "reference to" is direct or indirect, the state law will be preempted. *See Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 525 (1981).

The Supreme Court has set forth a two-part test to determine whether a claim falls within the civil enforcement provision of ERISA. "[C]laims are completely preempted by ERISA if they are brought (i) by 'an individual [who] at some point in time, could have brought his claim under ERISA § 502(a)(1)(B),' and (ii) under circumstances in which 'there is no other independent legal duty that is implicated by a defendant's actions.'" *Montefiore*, 642 F.3d at 328. (quoting *Davila*, 542 U.S. at 210). The Second Circuit has clarified that under the first prong of *Davila*, a claim is preempted by ERISA where the plaintiff "is the type of party who can bring a claim pursuant to § 502(a)(1)(B) of ERISA; and (b) the actual claim asserted can be construed as a colorable claim for benefits pursuant to § 502(a)(1)(B)." *Arditi v. Lighthouse Int'l*, 676 F.3d 294, 299 (2d Cir. 2012) (citations omitted). Where both of the *Davila* factors are satisfied— including the two sub-parts to *Davila's* first prong—ERISA will completely preempt the state law claim. *Id.* (citations omitted).

In this instant case, Plaintiff's state law claims are completely preempted because Plaintiff is seeking to supplant ERISA's exclusive enforcement provision in § 502(a) through state law breach of contract and quasi contract claims. *See Davila*, 542 U.S. at 209, 2016. ERISA's preemptive reach extends to state law causes of action that "relate to" ERISA plans

6

"even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990).

A multitude of courts, including the U.S. Supreme Court and the Second Circuit, uniformly hold that ERISA preempts state law claims such as those asserted by Plaintiff. *See, e.g., Smith v. Dunham-Bush, Inc.*, 959 F.2d 6 (2d Cir. 1992) (holding ERISA preempts employee's breach of contract and promissory estoppel claims); *In re Estate of Grant v. Interface Solutions, Inc.*, 11-cv-1452, 2012 U.S. Dist. LEXIS 46082, at *13 (N.D.N.Y Apr. 2, 2012) ("It is well-settled that claims for breach of contract arising out of employee benefit plans, like all other state law causes of action relating to employee benefit plans, are conclusively preempted by ERISA).

Indeed, regardless of terminology, any state law claim is preempted if it "arise[s] directly out of an allegedly wrongful administration of benefits." *Marcella v. Capital Dist. Physicians Health Plan, Inc.*, 47 F. Supp. 2d 289, 292 (N.D.N.Y 1999), *rev'd. on other grounds*, 293 F.3d 42 (2d Cir. 2002); *see also Martori Brothers Distributors v. James-Massengale*, 781 F.2d 1349, 1356-57, 1357 n.19 (9th Cir. 1986) ("laws and common-law rules that provide remedies for misconduct growing out of the administration of the ERISA plan" are preempted by ERISA).

Based on the interpretation given the phrase "relate to" by the Supreme Court, the claims asserted in Plaintiff's SAC clearly arise out of the administration of an employee benefit plan and "relate to" an employee benefit plan. Each of these state law causes of action rest on allegations that Plaintiff's claim for benefits was wrongfully denied. In fact, each state law claim refers to and depends on the denial of benefits at Plaintiff's termination. *See* SAC, *passim*. Accordingly, these Causes of Action are each preempted by ERISA.

7

**B.** **Plaintiff's State Law Claims Are Preempted Because They Are Predicated Upon Defendant's Denial of Benefits**

### 1. Plaintiff's Claims Further Satisfy *Davila* Because They Qualify As "Colorable Claims"

Plaintiff's state law causes of action are predicated upon Defendant's denial of severance benefits under the Plan, and therefore, "implicate coverage and benefits established by the terms of the ERISA benefit plan and can be construed as colorable claim[s] for benefits" under ERISA. *See Arditi*, 676 F.3d at 299 (internal quotations and citations omitted). Both Plaintiff's First Cause of Action (breach of contract) and Second Cause of Action (promissory estoppel) seek damages in the form of monetary benefits under the Plan, which is a colorable claim "to recover benefits due to him under the terms of his plan. . . ." 29 U.S.C. § 1132(a)(1)(B). Each of these claims could be construed as a claim "to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Therefore, as alleged, each of these causes of action could be construed as a colorable claim under ERISA, and further satisfy the first prong of *Davila*.

### 2. Plaintiff's Allegations Do Not Implicate Any Other Independent Legal Duty Beyond the Plan

The second prong of *Davila* is also satisfied because "there is no other independent legal duty that is implicated by [the] [D]efendant[s'] actions." *Davila*, 542 U.S. at 2010. As explained by the Second Circuit, the question is "whether some other, completely independent duty forms another basis for legal action." *Montefiore*, 642 F.3d at 332. In situations, where the claim is "inextricably intertwined with the interpretation of Plan coverage and benefits," the claim will be preempted because the claim does not impose upon the Defendants a "sufficiently *independent* duty under *Davila*." *Montefiore*, 642 F.3d at 332. Here, Plaintiff's state law claims do not arise independently of Defendant's duties under the Plan,

8

because they are inextricably intertwined with an interpretation of the Plan itself. Indeed, Plaintiff's First Cause of Action (breach of contract) and Plaintiff's Second Cause of Action (promissory estoppel) expressly refer to Plaintiff's rights to the benefits under the Plan, *i.e.*, that Plaintiff was purportedly denied his entitled benefits under the Plan. Thus, theses Causes of Action listed in the SAC are "inextricably intertwined with the interpretation" of the Plan and do not implicate "some other, completely independent duty" of the Defendant.

Accordingly, the second prong of *Davila* is satisfied and Plaintiff's state law claims are completely preempted by ERISA and should be dismissed.

## II. PLAINTIFF LACKS STANDING TO BRING ERISA SECTION 502 CLAIMS AND SUCH CLAIMS ARE DUPLICATIVE OF HIS PREEMPTED STATE LAW CLAIMS

### A. Plaintiff Lacks Standing to Bring Section 502 Claims

In order to bring a claim for wrongful denial of benefits under section 502 (and likewise bring an action in court), a Plaintiff *must* be a participant or beneficiary. Plaintiff was not a participant or beneficiary of the Plan. As a result, Plaintiff fails to state a claim under ERISA because he lacks standing.

According to § 502(a) of ERISA:

(a) . . . A civil action may be brought --

    (1) by a participant or beneficiary . . .

        (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan [or]; . . .

        (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .

29 U.S.C. §§ 1132(a).

Based on the explicit language in the statute, a plaintiff only has standing to sue under ERISA § 502(a) if he alleges sufficient facts demonstrating that he was a "participant or beneficiary." Here, Plaintiff fails to do so and therefore he lacks standing to bring these claims. *See, e.g., Protocare of Metro. N.Y. v. Mutual Ass'n Adm'rs*, 866 F. Supp. 757, 760 (S.D.N.Y. 1994) ("Under § 502(a) of ERISA, three classes of persons have standing to bring a civil action under ERISA: a participant or beneficiary, the Secretary of Labor, and a fiduciary. . . . The Second Circuit has interpreted this list to be exclusive, unless some indication of legislative intent can be found to grant additional parties standing. No such legislative intent, however, has been discovered." (internal quotations and citations omitted)).

Plaintiff does not allege that he is a participant or beneficiary under the Plan. As the Supreme Court has made clear, the Plan document governs enforcement of the Plan. *Cigna Corp. v. Amara*, 563 U.S. 421 (2011); *see also Gill v. Bausch & Lomb Supplemental Ret. Income Plan I*, 594 Fed. Appx. 696 (2d Cir. 2014) ("Amara instructs a district court to limit itself to the simple enforcement of a contract as written. . . ." (internal quotations and citations omitted)). While Plaintiff purports to ignore the Plan document, it creates and governs his rights to severance benefits. The Plan includes a specific section on eligibility. *See* Article III of the Plan (Exhibit C to Sweeney Aff.). Article III states:

> An employee of the Company or any affiliate shall be eligible to participate in the Plan *only if designated in writing* as such by the Committee or its authorized designee, in such party's *sole discretion*. An employee who is *not so designated as eligible to participate hereunder shall not be entitled to any benefits under the Plan*. No employee may rely on any notification of entitlement to any severance benefit from the Plan other than a written notification delivered to the employee from the Committee or authorized designee. An employee so designated as eligible to participate in the Plan shall be referred to herein as an "Employee."

10

*See id.* (emphasis added). Nowhere in Plaintiff's SAC does he allege that he received any type of designation in writing to make him eligible for benefits under the Plan. Plaintiff does not plead that he is a participant under the Plan because he cannot do so—Plaintiff simply was not designated as a beneficiary or participant under the Plan. As claims under ERISA section 502 must be brought by a participant or beneficiary of the Plan, Plaintiff lacks standing to bring such a claim against Defendant, and his claims under ERISA section 502 must be dismissed.

### B.  Plaintiff Has No Remedy Under Section 502

Plaintiff's Third, Fourth and Fifth Causes of Action are a futile attempt to survive the instant motion. Plaintiff's claims under ERISA section 502 both mirror his state law claims, *and* rely on Plaintiff having the proper standing to bring such a claim under ERISA. As Plaintiff does not have standing to bring such claims, these claims must fail.[5]

These causes of action are based entirely upon the theory that Plaintiff was wrongfully denied benefits under the Policy. A claim under § 1132(a)(3)[6] may be raised only when other adequate remedies are not available to the complaining party. *Varity Corp v. Howe*, 516 U.S. 489, 515 (1996) (affirming district court's judgment that plaintiffs' had no benefits due to them under the plan); *Biomed Pharms., Inc. v. Oxford Health Plans (NY), Inc.*, 775 F. Supp. 2d 730, 738 (S.D.N.Y. 2011) (holding that since the "gravamen" of plaintiff's ERISA claims involve the alleged improper denial of benefits, the claims were dismissed). However, if Plaintiff had any claim for recovery of benefits at all (which he does not), such a remedy would be governed by the terms of the Plan and the process laid out therein—an ERISA remedy provided to avoid burdening the courts with frivolous claims. Therefore, even if the Court finds that

---

[5]     To the extent the Court finds that Plaintiff's claims are not preempted by ERISA—which it should not—Plaintiff's claim under section 502(a)(3) for breach of fiduciary duty (in the alternative) is nonetheless duplicative of his claims for the wrongful denial of benefits. *See Varity Corp v. Howe*, 516 U.S. 489, 515 (1996) (explaining where there is an adequate remedy under 502(a)(1)(b), there is no need for further equitable relief).

[6]     *See supra* I.

11

Plaintiff has standing to bring these claims—which he does not—Plaintiff's ERISA claims should still be dismissed since they are duplicative of other claims alleged in the SAC.

**III.   PLAINTIFF'S ERISA CLAIMS SHOULD BE DISMISSED BECAUSE HE FAILED TO EXHAUST ADMINISTRATIVE REMEDIES**

In his Third, Fourth, and Fifth Causes of Action (ERISA § 502 claims), Plaintiff alleges that he was wrongfully denied benefits under the Plan, and that Altice violated ERISA by failing to provide Plaintiff with pertinent plan documents. *See, e.g.,* SAC ¶¶ 11-12, 24-25. Although not specifically denominated as such, a claim to enforce rights to benefits under ERISA falls under section 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B).[7] Plaintiff's ERISA claims should be dismissed because Plaintiff does not allege that he exhausted his administrative remedies prior to filing the instant action—a requirement for the instant action to survive.

It is well-settled that "ERISA regulations require that every employee benefit plan shall establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations." *Klotz v. Xerox Corp.,* 332 Fed. Appx. 668, 669 (2d Cir. 2009) (internal quotations and citations omitted); *see also Zarringham v. UFCW Local 1500 Welfare Fund,* 906 F. Supp. 2d 140, 152-53 (E.D.N.Y. 2012) ("ERISA requires employee benefit plans to provide an internal review procedure for arising plan participant disputes. A plan participant must exhaust such procedures before resorting to the courts.") Courts in the Second Circuit further acknowledge that "[t]his requirement remains firm, even if a plan participant is unaware of that plan's administrative procedures." *See Zarringham,* 906 F. Supp. at 152 ("A failure to exhaust administrative remedies provides grounds for dismissal or summary judgment in favor of the opposing party.")

---

[7]    *See supra* I.

12

Though Plaintiff is not eligible as a participant or beneficiary of the Plan,[8]

Plaintiff did not even attempt to bring a timely claim under the Plan's procedure for such claims.

Plaintiff failed to make a timely application after purportedly being denied benefits under the

Plan.

> Article VII of the Plan here clearly requires that:
>
> An Employee claiming a benefit under the Plan that has been denied for any reason may file a written claim with the Committee within 60 days of the Employee's termination of employment. . . . An Employee may request a review of the claim denial within 60 days after receipt of the denial notice. . . .
>
> The Employee may request in writing the opportunity to review pertinent documents prior to submission of a written appeal. Within 60 days after receiving the written appeal, the Committee will notify the Employee in writing of its final decision (of the Employee will receive a written notice within such 60 days stating an additional 60 days is needed to rule upon the claim, in which case the Employee will receive a written notice within 120 days). This decision will contain specific reasons and cite the Plan provisions on which the denial is based. . . .

*See* Exh. C to the Sweeney Aff. Plaintiff clearly failed to do so.

Nowhere in the SAC does Plaintiff allege that he first brought a claim with the

Committee within the sixty (60) day time limit. The SAC only vaguely alleges that Plaintiff

requested and was denied severance benefits. SAC ¶ 25. Plaintiff does not allege—nor can he

allege—that he brought a claim to the Committee and subsequently followed the appropriate

steps to bring a claim for the severance benefits purportedly entitled to him under the ERISA-

governed plan.

It is clear from the explicit language in the Plan that the Plan sets forth the terms

and conditions of the benefits potentially available to Plaintiff during his employment with

Altice and sets forth a claims and appeals procedure governing benefit eligibility and unpaid

---

[8]     *See infra* III.

13

benefit related claims. Sweeney Aff. C. Plaintiff does not allege any plausible factual allegations to suggest that he submitted a formal claim for benefits as directed under the Plan.[9] Plaintiff's bald allegations in the SAC that he requested and was denied severance (which is false), without evidence that he actually followed the correct administrative procedure under the Plan, is insufficient to salvage his claim. *See* SAC ¶ 25.

Similarly, Plaintiff cannot salvage these claims (as he attempts to) by asserting that he was unaware of the Plan document or unaware of the administrative requirements in making a request for benefits.[10] *Compare Zarringham*, 906 F. Supp. at 152 ("This requirement remains firm, even if a plan participant is unaware of that plan's administrative procedures.") *and* SAC ¶¶ 11-12, 24-25, 37-57(allegations in the SAC regarding plaintiff's ignorance of the Plan). Therefore, Plaintiff's ERISA section 502 claims (Third, Fourth, and Fifth Causes of Action) must be dismissed due to his failure to exhaust administrative remedies.

## IV. PLAINTIFF'S SAC SHOULD BE DISMISSED WITH PREJUDICE AS ANY AMENDMENT WOULD BE FUTILE

Plaintiff's claims should be dismissed with prejudice as allowing Plaintiff to amend his pleading yet again would be futile. Plaintiff originally filed his Complaint in state court on February 11, 2019. Following removal to this Court and notice of Defendant's intention to move to dismiss Plaintiff's complaint, Plaintiff wrote to the Court for permission to amend his Complaint, and subsequently amended his Complaint on April 5, 2019. Confronted with the inadequacy of his amended pleading at the Pre-Motion Conference before this Court, Plaintiff

---

[9]     Nor does Plaintiff allege he requested the Plan, which makes sense as he does not allege to be a "participant" under the Plan. Plaintiff alleges in Paragraph 24 of the SAC that no one "at Altice refer[red] Plaintiff to such a document or explain by any process by which Plaintiff could have obtained his severance benefits." *See* SAC ¶ 24. Yet, Plaintiff attaches as an Exhibit to his SAC the policy which forms the basis of this claim, which includes direct reference to the Plan and how to request it. *See* Exh. A to Plaintiff's SAC.

[10]     *See supra* n. 8. Plaintiff's admission that he was unaware of the Plan (as well as his failure to plead he is a participant under the Plan) is further evidence that he is not a participant under the Plan, as participants of the Plan are provided with Plan documents.

14

opted to amend his complaint yet again on July 26, 2019. Yet, Plaintiff failed to rectify the deficiencies sufficiently to sustain his claims.

Allowing Plaintiff to restyle or replead his allegations against Defendant for a *fourth* time would be futile as Plaintiff does not have a claim against Defendant. "Obviously, where a defect in the complaint cannot be cured by amendment, it would be futile to grant leave to amend." *Cortec*, 949 F.2d at 50 (citations omitted). Accordingly, Defendant respectfully submits that dismissal with prejudice is warranted, as Plaintiff is clearly incapable of curing any defects to survive dismissal. *Jackson v. Wells Fargo Home Mortg.*, 15-CV-5062 (PKC) (ST), 2018 U.S. Dist. LEXIS 136643, *38 (E.D.N.Y. Aug. 10, 2018) ("[L]eave to amend would be futile because plaintiff has already had two bites at the apple and they have proven fruitless." (citations omitted)).

## CONCLUSION

As demonstrated above, the Plan is an ERISA benefit plan and it governs Plaintiff's entitlement to severance benefits. Plaintiff's state law claims for breach of contract (First Cause of Action) or in the alternative, promissory estoppel, (Second Cause of Action) are preempted by ERISA and should be dismissed by the Court with prejudice. Plaintiff lacks standing to bring his ERISA section 502 claims (Third, Fourth, and Fifth Causes of Action) and those claims should also be dismissed with prejudice.

Therefore, Plaintiff's SAC must be dismissed with prejudice in its entirety.

Dated: September 3, 2019
Melville, New York

Respectfully submitted,

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

By:    Brendan Sweeney

Brendan Sweeney, Esq.
Fatima M. Guillen-Walsh, Esq.

16

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2019, a **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** was served via email and First-Class mail in accordance with the Federal Rules of Civil Procedure and the Eastern District's Local Rules upon the following parties and participants:

> ANDREW J. DRESSEL, ESQ.
> DRESSEL/MALIKSCHMITT LLP
> Attorney for Plaintiff
> 90 Bayard Street, Suite 2C
> New Brunswick, New Jersey 08901
> andrew@dresselmalikschmitt.com

BRENDAN SWEENEY, ESQ.

4842-8817-9873, v. 4

17